CÁNDIDO MARRERO ET AL., Petitioners, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 773.    Argued June 22, 1931.—Decided June 27, 1931.

*Agustín E. Font* for petitioners.    *R. A. Gómez* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the Court.

During the investigation of a murder five persons were arrested and attorney Agustín E. Font instituted in their behalf a habeas corpus proceeding in the District Court of Ponce, from whose final order he took an appeal to this Court. While that appeal was pending, an information was filed against the said five persons in said district court charging them with murder, without specifying any degree thereof, and a day was set for their arraignment. The same attorney

also appeared on behalf of all the defendants and moved the lower court to postpone the arraignment until after the appeal in the habeas corpus proceeding had been decided. The court denied the motion and the defendants were arraigned. Time was granted to them to plead to the information. At the expiration of that time, the attorney, Font, appeared and filed three motions; two on behalf of the five defendants denying the charge and requesting that they be tried separately, and a third one, on behalf of four of the defendants, requesting that, as they were insolvent—which fact had been admitted by the district attorney and the court in the habeas corpus proceeding—counsel be assigned to each of them, said attorney Font offering himself to act as such counsel by reason of his knowledge of the case. A hearing was had upon the latter motion at which the prosecuting attorney admitted that the four defendants were insolvent, and made an unsuccessful attempt to show that the fifth defendant was paying attorney Font for defending them all. The court refused to appoint counsel for the above four defendants because, in its opinion, attorney Font had been defending them and represented them. It admitted that all of them were insolvent for the purpose of furnishing bail, but stated that that had nothing to do with their ability to pay for counsel services.

After the case was set for trial as to one of the four defendants who had petitioned for the assignment of counsel to him, attorney Font again appeared before the court, then presided by another judge, on behalf of the defendants and requested that such setting and the one made for the trial of the fifth defendant be postponed, and that counsel be assigned to the four defendants who were insolvent. At the hearing of this motion attorney Font stated that the fifth defendant, José Calazán Marrero, paid him for his professional services, that he was not the attorney for the other four, and that he included them in the petition for habeas corpus so that they might be benefited thereby, as it happened, since the $15,000 bail demanded of them was finally reduced to

$5,000; and that he represented them during the pendency of the habeas corpus proceeding but insisted that he was not their attorney. The lower court admitted that the four defendants were entitled to the assignment of counsel but refused to appoint one because Font was their attorney, as he had been representing them; and because the application was not made at the time of their arraignment. The present certiorari proceeding is directed against the above rulings.

An act approved in 1905 (Session Laws, p. 135) provides as follows:

"When the defendant is brought into a court for the purpose of being arraigned upon a charge involving the death penalty or imprisonment for life, if it appears that he has no counsel and is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him free of charge, and the counsel so appointed shall have a reasonable time to prepare for trial. In all other cases such appointment shall be discretionary with the court."

The petitioners have been charged with murder without any mention of the degree thereof, and hence, under section 202 of the Penal Code as amended in 1929, they may be sentenced to the penitentiary for life if convicted of murder in the first degree, or to from ten to thirty years if the convicion is of murder in the second degree. Therefore, they are clearly entitled to have counsel assigned to them as provided in said section and in accordance with the decision in *People v. Plata,* 36 P.R.R. 530.

The statement of attorney Font in the lower court and in this Court relative to his request that an attorney be assigned to the four defendants who are insolvent so that they should not be left without defense for lack of funds for the production of witnesses and the transcript of the evidence in case they had to appeal from the judgment, convince us that, even though he' has acted as their counsel, he did so temporarily without being their attorney and only for their benefit pending the appointment of counsel by the court.

For the foregoing reasons, and since the insolvency of the

defendants has been admitted, without there being any evidence to the contrary—which fact did not justify the refusal to assign counsel to them, nor was such refusal justified by the failure to ask for the assignment at the time of the arraignment, since in the case of *People* v. *Plata, supra,* such request was made at the commencement of the trial and we held that counsel should have been assigned—the order appealed from, dated July 24, 1930, is set aside in so far as it refuses the appointment of counsel free of charge for the defendant petitioners, and also the order of September 19, 1930, as to the same particular; and the case must be remanded to the lower court with directions to assign counsel to each of the four petitioners.